IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER S.,[1] | ) |
|       Plaintiff, | ) |
| | ) No. 20 C 2785 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Jennifer S.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 18] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On April 4, 2017, Plaintiff filed a claim for DIB, alleging disability since April 1, 2013. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 7, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On March 14, 2019, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of April 1, 2013 through her date last insured of December 31, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: multiple sclerosis; obesity; migraine headaches; fibromyalgia; diabetes mellitus; irritable bowel syndrome/colitis; obstructive sleep apnea; restless legal syndrome; malignant

neoplasm of the anal canal; dysthymic disorder; and anxiety disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a listed impairment.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can have no work around unprotected heights, open flames, or unprotected dangerous machinery; can occasionally balance, stoop, and climb ramps and stairs; can never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds; can have no concentrated exposure to extremes of cold or heat; can have no work requiring telephone communication, but can communicate in person; can frequently handle and finger; can work in an environment with moderate noise levels such as an office level of noise; and has the ability to understand, remember, and carry out simple instructions.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a school bus driver, teacher's aide, industrial truck driver, shipping clerk, glass inspector, or strapping machine operator. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to account for all of Plaintiff's impairments in her RFC assessment; (2) the ALJ incorrectly analyzed the opinion of Plaintiff's treating physician; and (3) the ALJ incorrectly analyzed Plaintiff's alleged symptoms.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ failed to account for Plaintiff's bowel incontinence in her RFC assessment. Pertinent to that topic, the ALJ noted Plaintiff's testimony that she had issues with bowel incontinence since 2014 and that "she began having major bowel incontinence when she began taking medication for multiple sclerosis." (R. 25-26.) The ALJ further noted that "[i]n December 2015, [Plaintiff] continued to complain of diarrhea with fecal incontinence as well as nocturnal incontinence." (*Id.* at 29.) The ALJ also noted that "[i]n January 2017, it was expressed that some of [Plaintiff's] gastrointestinal problems could be due to gastroparesis, which could be diabetic in nature." (*Id.*) Based upon Plaintiff's allegations and this medical evidence, the ALJ ultimately concluded that Plaintiff's irritable bowel syndrome and colitis constituted severe impairments.

However, as argued by Plaintiff, despite finding these severe impairments, the ALJ failed to account for Plaintiff's irritable bowel syndrome and colitis whatsoever in her RFC assessment. For instance, the ALJ did not provide any work-related limitation accounting for the number of bathroom breaks Plaintiff would need to take throughout the workday, which she was required to do. *See*

7

*Jacob D. v. Kijakazi*, No. 20-cv-0554, 2021 U.S. Dist. LEXIS 156869, at *6 (N.D. Ill. Aug. 19, 2021) ("Not only does the ALJ fail to explain how she came to the conclusion these limitations would be sufficient to accommodate IBS, the ALJ erroneously failed to account for any bathroom breaks Plaintiff would need."); *Manker v. Berryhill*, No. 16 C 10704, 2017 U.S. Dist. LEXIS 211022, at *9 (N.D. Ill. Dec. 22, 2017) ("Despite this evidence and testimony [regarding Claimant's irritable bowel syndrome], the ALJ failed to account for Claimant's potential need to take such frequent and unscheduled breaks in formulating the RFC or to further develop Claimant's testimony to determine the length of such bathroom breaks."); *Rasmussen v. Astrue*, No. 10 C 2344, 2011 U.S. Dist. LEXIS 48988, at *34 (N.D. Ill. May 6, 2011) ("Here, the ALJ failed to construct a logical bridge between the evidence and the RFC. With regard to Plaintiff's IBS and colitis, the ALJ concluded that these impairments require her to 'have access to a bathroom.' Beyond this general statement, however, the ALJ did not determine the frequency or length of time Plaintiff would have to spend in the bathroom as a result of these impairments.").

Ultimately, having found that Plaintiff's irritable bowel syndrome and incontinence constituted severe impairments, it was incumbent on the ALJ to account for those impairments in her RFC assessment. *See Maureen J. v. Kijakazi*, No. 18 C 5660, 2021 U.S. Dist. LEXIS 159690, at *11 (N.D. Ill. Aug. 24, 2021) ("The ALJ acknowledged that Plaintiff suffers from incontinence and fibromyalgia, and Plaintiff testified about her limitations from those conditions. The ALJ was thus

required to give a narrative explanation as to how the RFC accommodated all of Plaintiff's impairments."); *Bay v. Berryhill*, No. 16 C 9525, 2018 U.S. Dist. LEXIS 13977, at *12 (N.D. Ill. Jan. 29, 2018) ("[T]he ALJ erred in failing to account for any limitations arising out of plaintiff's incontinence."). The ALJ's failure to account for Plaintiff's irritable bowel syndrome and colitis requires that this matter be remanded. *See Gray v. Colvin*, No. 14 C 7101, 2016 U.S. Dist. LEXIS 45179, at *10 (N.D. Ill. Apr. 4, 2016) ("Since the ALJ did not discuss Plaintiff's incontinence at all in his RFC determination . . . the issue is remanded for further consideration."); *Jacob D. v. Kijakazi*, No. 20-cv-0554, 2021 U.S. Dist. LEXIS 156869, at *7-8 (N.D. Ill. Aug. 19, 2021) ("The Court must remand on the ALJ's failure to properly accommodate Plaintiff's IBS."); *Erwin v. Astrue*, No. 11 CV 1555, 2012 U.S. Dist. LEXIS 123657, at *36 (N.D. Ill. Aug. 30, 2012) ("On remand, the ALJ should consider whether – and if so, how – Erwin's incontinence and obesity impact his ability to function in the workplace.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the opinions of Plaintiff's treating physicians are properly evaluated and Plaintiff's alleged symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 18] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**    **ENTERED:**

**DATE:**    **January 5, 2022**    _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**